UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT PENNSYLVANIA

| | |
|---|---|
| AMANDA LEBERMAN and KARLE LYONS, )<br>)<br>Plaintiffs,   )<br>)<br>v.   )<br>)<br>ZAAL VENTURE CORP., US GHOST )<br>ADVENTURES, LLC, and LANCE ZAAL,   )<br>)<br>Defendants.   )   | Civil Action No. |

## NOTICE OF REMOVAL

To: The Honorable Judges of the United States District Court
for the Western District of Pennsylvania

Defendants Zaal Venture Corp., US Ghost Adventures, LLC, and Lance Zaal, in accordance with the applicable Federal Rules of Civil Procedure and 28 U.S.C. §§ 1331, 1441, and 1446, file this Notice of Removal and remove the action entitled "*Amanda Leberman v. Karle Lyons v. Zaal Venture Corp., US Ghost Adventures, LLC, and Lance Zaal,* Case No. GD No. 12796-2023" originally filed in the Court of Common Pleas of Erie County, Commonwealth of Pennsylvania, to the United States District Court for the Western District of Pennsylvania. Removal of this action is based upon the following:

## BACKGROUND

1. On or about December 1, 2023, Plaintiffs filed a Praecipe for Writ of Summons in the Court of Common Pleas of Erie County. A true and correct copy of the Praecipe for Writ of Summons is attached hereto as Exhibit A.

2. On or about December 4, 2023, the Court of Common Pleas of Erie County issued the Writ. A true and correct copy of the Writ of Summons is attached hereto as Exhibit B.

3. On or about January 11, 2024, Defendants filed a Praecipe for Rule to File Complaint and a Motion for a Protective Order. A true and correct copy of the Praecipe for Rule to File Complaint and Motion for Protective Order are attached hereto as Exhibit C and D respectively.

4. On or about January 12, 2024, the Court of Common Pleas of Erie County issued a Rule to File Complaint. A true and correct copy of the Rule to File Complaint is attached hereto as Exhibit E.

5. On or about February 9, 2024, Plaintiffs filed a Response to Defendants' Motion for Protective Order. A true and correct copy of the Response to Defendants' Motion for Protective Order is attached hereto as Exhibit F.

6. On or about February 20, 2024, the Court of Common Pleas of Erie County issued an Order of Court granting the Motion for Protective Order. A true and correct copy of the Order of Court is attached hereto as Exhibit G.

7. On or about February 22, 2024, Defendants filed a Notice of Intent to Enter Judgment Non Pros. A true and correct copy of the Notice of Intent is attached hereto as Exhibit H.

8. On or about March 26, 2025, the Court of Common Pleas of Erie County issued an Order of Court scheduling a case management conference for April 25, 2025. A true and correct copy of the Order of Court is attached hereto as Exhibit I.

9. On or about April 1, 2025, Plaintiffs filed a Complaint. A true and correct copy of the Complaint is attached hereto as Exhibit J. No other pleadings, process, or orders were served on Defendants.

**COMPLIANCE WITH PROCEDURAL REQUIREMENTS**

10. This Notice is timely filed under 28 U.S.C. § 1446(b) because Defendants have filed this Notice within thirty (30) days of service of the Complaint.

11. Defendants have not filed any answer or other pleading in the Court of Common Pleas of Erie County.

12. The Court of Common Pleas of Erie County is within this Court's District. Therefore, the action is properly removable to this Court pursuant to 28 U.S.C. § 1446(a).

13. Pursuant to 28 U.S.C. § 1446(d), Defendants have provided this written Notice to all adverse parties and will promptly file a Notice of Filing of Notice of Removal with the Clerk of the Court of Common Pleas of Erie County, Commonwealth of Pennsylvania.

**BASES FOR REMOVAL**
**FEDERAL QUESTION JURISDICTION**

15. This action is within the original jurisdiction of this Court under 28 U.S.C. § 1331 because Plaintiffs' civil action arises under federal law. *See Merrell Dow Pharmaceuticals, Inc. v. Thompson*, 478 U.S. 804, 808 (1986) (A "suit arises under the law that creates the cause of action.") (internal citations omitted).

16. Whether an action "arises under" federal law is governed by the well-pleaded complaint rule. *See Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987) ("The presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint.").

17. The complaint must be examined as it existed at the time of removal to determine whether it states a federal claim. *Pullman Co. v. Jenkins*, 305 U.S. 534, 537 (1939).

18. "In short, 'a well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law.'" *Goldman v. Citigroup Global Mkts., Inc.*, 834 F.3d 242, 249 (3d Cir. 2016) (quoting *Franchise Tax Bd. of State of Cal. v. Constr. Laborers Vacation Tr. for S. Cal.*, 463 U.S. 1, 27-28 (1983)).

19. To the extent one or more of a plaintiff's causes of action are not independently removable based on federal question jurisdiction, federal courts may exercise supplemental jurisdiction over these claims because they arise from the "same case or controversy" or "common nucleus of operative facts" as the other causes of action. 28 U.S.C. § 1367; *United Mine Workers v. Gibbs*, 383 U.S. 715, 725 (1966).

20. In their Complaint, Plaintiffs assert the following causes of action against Defendants:

   a. Count I: Failure to Remit Overtime Wages in Violation of the FLSA;

   b. Count II: Failure to Pay Overtime Wages in Violation of the MWA;

   c. Count III: Failure to Remit Wages in Violation of the WPCL; and

   d. Count IV: Unjust Enrichment under Pennsylvania Common Law.

21. Plaintiffs' cause of action under the FLSA provides this Court with federal question jurisdiction over the matter.

22. Plaintiffs' claims depend on the same alleged violations, and thus they "would ordinarily be expected to try them all in one judicial proceeding." *Gibbs*, 383 U.S. at 725.

23. For these reasons, Plaintiffs' federal and state law claims form part of the same case or controversy so that this Court may exercise pendent jurisdiction over Plaintiffs' supplemental claims under Pennsylvania law. 28 U.S.C. §§ 1367(a), 1441(c).

**MISCELLANEOUS**

24. Defendants file this Notice without waiving any defenses to the claims asserted by Plaintiffs, without conceding that Plaintiffs have stated claims upon which relief can be granted, and without conceding that Plaintiffs are entitled to any damages against Defendants in any amount.

25. By filing this Notice, Defendants do not make any admission of fact, law, or liability. Defendants expressly reserve the right to raise any and all available procedural and substantive defenses.

26. Upon filing this Notice, Defendants will provide a written notification to Plaintiffs and will file a Notice of Filing of Notice of Removal with the Clerk of Courts for Erie County, Commonwealth of Pennsylvania. A copy of the Notice of Filing of Notice of Removal is attached as Exhibit J (without exhibits).

WHEREFORE, Defendants Zaal Venture Corp., US Ghost Adventures, LLC, and Lance Zaal respectfully request that this action, previously pending in the Court of Common Pleas of Erie County, be removed to the United States District Court for the Western District of Pennsylvania.

Date: April 21, 2025

Respectfully submitted,

JACKSON LEWIS P.C.

*/s/ Marla N. Presley*
Marla N. Presley, PA ID No. 91020
Danielle M. Parks, PA ID No. 322653
1001 Liberty Avenue, Suite 1000
Pittsburgh, PA 15222
(412) 232-0404 (Tel)
(412) 232-3441 (Fax)
Marla.Presley@jacksonlewis.com
Danielle.Parks@jacksonlewis.com

*Counsel for Defendants Zaal Venture Corp., US Ghost Adventures, LLC, and Lance Zaal*

**CERTIFICATE OF SERVICE**

I hereby certify that on April 21, 2025, the foregoing document was filed with the clerk of this Court via the CM/ECF system, and served via U.S. Mail to the parties below:

Kyle H. Steenland, Esq.
kyle@workersrightslawgroup.com
Erik M. Yurkovich, Esq.
erik@workersrightslawgroup.com
Cynthia A. Howell, Esq.
cynthia@workersrightslawgroup.com
The Workers' Rights Law Group, LLP
Foster Plaza 10
680 Andersen Drive, Suite 230
Pittsburgh, PA 15220
*Counsel for Plaintiffs*

*/s/ Marla N. Presley*

Marla N. Presley