**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| AMANDA LEBERMAN and KARLE LYONS, | ) ) | Civil Action No. 1:25-CV-00107 |
| | ) | |
| Plaintiffs, | ) ) | Honorable Cathy Bissoon |
| | ) | |
| v. | ) ) | *ELECTRONICALLY FILED* |
| | ) | |
| ZAAL VENTURE CORP., US GHOST ADVENTURES, LLC and LANCE ZAAL, | ) ) ) | |
| | ) | |
| Defendants. | ) | |

## ANSWER AND DEFENSES TO PLAINTIFFS' COMPLAINT

AND NOW COMES Defendants, Zaal Ventures Corp., US Ghost Adventures, LLC and Lance Zaal, and for its Answer and Defenses to the Complaint, states as follows:

## PARTIES

1.      Based on information and belief, Defendants admit the allegations in Paragraph 1 of the Complaint.

2.      Based on information and belief, Defendants admit the allegations in Paragraph 2 of the Complaint.

3.      Defendants admit that Zaal Ventures Corp. is a foreign business incorporated in the State of Virginia.  Defendants deny the remaining allegations in Paragraph 3 of the Complaint.  By way of further response, Zaal Ventures Corp. has a registered business address of 500 World Trade Ctr, 101 W Main Street, Norfolk, Virginia  23510-1779.

4.      Defendants admit the allegations in Paragraph 4 of the Complaint.  By way of further response, Defendants deny that US Ghost Adventures, LLC was an employer or a joint employer of Plaintiffs and expressly preserve all applicable and appropriate defenses.

5.      Defendants admit only that Lance Zaal has an ownership interest in Zaal Ventures Corp. and US Ghost Adventures, LLC.  The remaining allegations in Paragraph 5 of the Complaint are denied.  By way of further response, Defendants deny that Lance Zaal was an employer or a joint employer of Plaintiffs and expressly preserve all applicable and appropriate defenses.

**JURISDICTION AND VENUE**

6.      The allegations in Paragraph 6 of the Complaint constitute conclusions of law to which no response is required; to the extent a response is deemed to be required, the allegations are denied.  By way of further response, Defendants removed this case to federal court and Plaintiffs did not contest the federal court's jurisdiction.

7.      The allegations in Paragraph 7 of the Complaint constitute conclusions of law to which no response is required; to the extent a response is deemed to be required, the allegations are denied.

8.      The allegations in Paragraph 8 of the Complaint constitute conclusions of law to which no response is required; to the extent a response is deemed to be required, the allegations are denied.  By way of further response, Defendants removed this case to federal court and Plaintiffs did not contest the federal court's jurisdiction.

9.      The allegations in Paragraph 9 of the Complaint constitute conclusions of law to which no response is required; to the extent a response is deemed to be required, the allegations are denied.  By way of further response, Defendants removed this case to federal court and Plaintiffs did not contest the federal court's jurisdiction.

10.      The allegations in Paragraph 10 of the Complaint constitute conclusions of law to which no response is required; to the extent a response is deemed to be required, the allegations

are denied.  By way of further response, Defendants removed this case to federal court and Plaintiffs did not contest the federal court's jurisdiction.

11.     The allegations in Paragraph 11 of the Complaint constitute conclusions of law to which no response is required; to the extent a response is deemed to be required, the allegations are denied.  By way of further response, Defendants removed this case to federal court and Plaintiffs did not contest the federal court's jurisdiction.

12.     The allegations in Paragraph 12 of the Complaint constitute conclusions of law to which no response is required; to the extent a response is deemed to be required, the allegations are denied.  By way of further response, Defendants removed this case to federal court and Plaintiffs did not contest the federal court's jurisdiction.

13.     The allegations in Paragraph 13 of the Complaint constitute conclusions of law to which no response is required; to the extent a response is deemed to be required, the allegations are denied.  By way of further response, Defendants removed this case to federal court and Plaintiffs did not contest the federal court's jurisdiction.

14.     The allegations in Paragraph 14 of the Complaint constitute conclusions of law to which no response is required; to the extent a response is deemed to be required, the allegations are denied.  By way of further response, Defendants removed this case to federal court and Plaintiffs did not contest the federal court's jurisdiction.

15.     The allegations in Paragraph 15 of the Complaint constitute conclusions of law to which no response is required; to the extent a response is deemed to be required, the allegations are denied.  By way of further response, Defendants removed this case to federal court and Plaintiffs did not contest the federal court's jurisdiction.

16.     Defendants admit that US Ghost Adventures, LLC is registered in the Commonwealth of Pennsylvania as a foreign limited liability company.   The remaining

allegations in Paragraph 16 of the Complaint constitute conclusions of law to which no response is required; to the extent a response is deemed to be required, the allegations are denied. By way of further response, Defendants removed this case to federal court and Plaintiffs did not contest the federal court's jurisdiction.

17.     Defendants admit that Zaal Ventures Corp. conducts business in the Commonwealth of Pennsylvania. The remaining allegations in Paragraph 17 of the Complaint constitute conclusions of law to which no response is required; to the extent a response is deemed to be required, the allegations are denied. By way of further response, Defendants removed this case to federal court and Plaintiffs did not contest the federal court's jurisdiction.

18.     Defendants deny the allegations in Paragraph 18 of the Complaint. By way of further response, Defendants removed this case to federal court and Plaintiffs did not contest the federal court's jurisdiction.

19.     The allegations in Paragraph 19 of the Complaint constitute conclusions of law to which no response is required; to the extent a response is deemed to be required, the allegations are denied. By way of further response, Defendants removed this case to federal court and Plaintiffs did not contest the federal court's jurisdiction.

20.     The allegations in Paragraph 20 of the Complaint constitute conclusions of law to which no response is required; to the extent a response is deemed to be required, the allegations are denied. By way of further response, Defendants removed this case to federal court and Plaintiffs did not contest the federal court's jurisdiction.

21.     Defendants deny the allegations in Paragraph 21 of the Complaint. By way of further response, Defendants removed this case to federal court and Plaintiffs did not contest the federal court's jurisdiction.

22.     The allegations in Paragraph 22 of the Complaint constitute conclusions of law to which no response is required; to the extent a response is deemed to be required, the allegations are denied.  By way of further response, Defendants removed this case to federal court and Plaintiffs did not contest the federal court's jurisdiction.

## FACTUAL BACKGROUND

23.     Defendants admit in part and deny in part the allegations contained in Paragraph 23 of the Complaint.  Defendants deny that US Ghost Adventures, LLC is a subsidiary of Zaal Venture Corporation.  Defendants admit that US Ghost Adventures, LLC is an entertainment venue.  By way of further response, US Ghost Adventures, LLC did not have any employment relationship with Plaintiffs.

24.     Defendants admit the allegations in Paragraph 24 of the Complaint.  By way of further response, US Ghost Adventures, LLC did not have any employment relationship with Plaintiffs.

25.     Defendants admit in part and deny in part the allegations in Paragraph 25 of the Complaint.  Defendants admit that Ms. Leberman was hired in October 2022 by Defendant Zaal Ventures Corp. Defendants deny that Ms. Leberman's role was titled as a Content Creator. Defendants deny that US Ghost Adventures, LLC or Lance Zaal employed Ms. Leberman.

26.     Defendants deny the allegations in Paragraph 26 of the Complaint as stated. During a brief interim period before they began their junket expedition, Plaintiffs were compensated on an agreed hourly basis.

27.     The allegations in Paragraph 27 of the Complaint constitute conclusions of law to which no response is required; to the extent a response is deemed to be required, the allegations are denied.

28.     Defendants deny the allegations in Paragraph 28 of the Complaint as stated. Defendant Zaal Ventures Corp. hired Ms. Lyons as a Traveling Influencer in or around January 2023 to work alongside Ms. Leberman.  Defendants deny that US Ghost Adventures, LLC or Lance Zaal employed Ms. Lyons.

29.     Defendants admit in part and deny in part the allegations in Paragraph 29 of the Complaint.  Defendants admit only that during a brief interim period before they began their junket expedition, Ms. Lyons was paid $20.00 per hour worked.  Defendants deny that Ms. Lyons was entitled to overtime wages pursuant to the FLSA and MWA.

30.     Defendants deny the allegations in Paragraph 30 of the Complaint.

31.     Defendants deny the allegations in Paragraph 31 of the Complaint.

32.     Defendants deny the allegations in Paragraph 32 of the Complaint.

33.     The allegations in Paragraph 33 of the Complaint purport to interpret and characterize a document that speaks for itself; Defendants deny Plaintiffs' interpretation and characterization of that document.

34.     The allegations in Paragraph 34 of the Complaint purport to interpret and characterize a document that speaks for itself; Defendants deny Plaintiffs' interpretation and characterization of that document.

35.     The allegations in Paragraph 35 of the Complaint purport to interpret and characterize a document that speaks for itself; Defendants deny Plaintiffs' interpretation and characterization of that document.

36.     Defendants deny the allegations in Paragraph 36 of the Complaint.

37.     Defendants deny the allegations in Paragraph 37 of the Complaint.

38.     Defendants deny the allegations in Paragraph 38 of the Complaint.

39.     Defendants admit in part and deny in part the allegations in Paragraph 39 of the Complaint.  Defendants admit that a recreational vehicle was purchased for Plaintiffs to use to create content for Defendant Zaal Ventures Corp.  Defendants deny that the recreational vehicle was used for ghost tours.

40.     Defendants lack sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 40 of the Complaint and, for that reason, deny same.

41.     Defendants lack sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 41 of the Complaint and, for that reason, deny same.

42.     Defendants deny the allegations in Paragraph 42 of the Complaint.

43.     Defendants deny the allegations in Paragraph 43 of the Complaint.

44.     Defendants deny the allegations in Paragraph 44 of the Complaint.

45.     Defendants admit in part and deny in part the allegations in Paragraph 45 of the Complaint.   Defendants admit only that the recreational vehicle was traded in for another recreational vehicle.  Defendants deny the remaining allegations in Paragraph 45.

46.     Defendants deny the allegations in Paragraph 46 of the Complaint as stated. Plaintiffs expressly agreed that Zaal Ventures Corp. could deduct the difference in value between the previous RV and the smaller RV from Plaintiff's paychecks.   Defendants US Ghost Adventures, LLC and Lance Zaal did not employ Plaintiffs or control their pay.

47.     Defendants admit in part and deny in part the allegations in Paragraph 47 of the Complaint.  Defendants admit that the parties agreed to specific deductions from Plaintiffs' paychecks, which were paid by Defendant Zaal Ventures Corp.  Defendants deny the deductions made by Defendant Zaal Ventures Corp. were unlawful.  Defendants US Ghost Adventures, LLC and Lance Zaal did not employ Plaintiffs or control their pay.

48.    Defendants admit in part and deny in part the allegations in Paragraph 48 of the Complaint.    Defendants admit that Plaintiffs and Defendant Zaal Ventures Corp. agreed to specific deductions from Plaintiffs' paychecks.    Defendants deny the deductions taken by Defendant Zaal Ventures Corp. were unlawful.    Defendants US Ghost Adventures, LLC and Lance Zaal did not employ Plaintiffs or control their pay.

49.    Defendants deny the allegations in Paragraph 49 of the Complaint.

50.    Defendants deny the allegations in Paragraph 50 of the Complaint.

51.    Defendants deny the allegations in Paragraph 51 of the Complaint.

## COUNT I

52.    Defendants restate and incorporate their answers to Paragraphs 1 through 51 of the Complaint as though set forth at length herein.

53.    The allegations in Paragraph 53 of the Complaint constitute conclusions of law to which no response is required; to the extent a response is deemed to be required, the allegations are denied.

54.    The allegations in Paragraph 54 of the Complaint constitute conclusions of law to which no response is required; to the extent a response is deemed to be required, the allegations are denied.

55.    The allegations in Paragraph 55 of the Complaint constitute conclusions of law to which no response is required; to the extent a response is deemed to be required, the allegations are denied.

56.    The allegations in Paragraph 56 of the Complaint constitute conclusions of law to which no response is required; to the extent a response is deemed to be required, the allegations are denied.

57.     The allegations in Paragraph 57 of the Complaint constitute conclusions of law to which no response is required; to the extent a response is deemed to be required, the allegations are denied.

58.     The allegations in Paragraph 58 of the Complaint constitute conclusions of law to which no response is required; to the extent a response is deemed to be required, the allegations are denied.

59.     The allegations in Paragraph 59 of the Complaint constitute conclusions of law to which no response is required; to the extent a response is deemed to be required, the allegations are denied.

60.     The allegations in Paragraph 60 of the Complaint constitute conclusions of law to which no response is required; to the extent a response is deemed to be required, the allegations are denied.

61.     The allegations in Paragraph 61 of the Complaint constitute conclusions of law to which no response is required; to the extent a response is deemed to be required, the allegations are denied.

62.     The allegations in Paragraph 62 of the Complaint constitute conclusions of law to which no response is required; to the extent a response is deemed to be required, the allegations are denied.

63.     The allegations in Paragraph 63 of the Complaint constitute conclusions of law to which no response is required; to the extent a response is deemed to be required, the allegations are denied.

64.     The allegations in Paragraph 64 of the Complaint constitute conclusions of law to which no response is required; to the extent a response is deemed to be required, the allegations are denied.

65.    The allegations in Paragraph 65 of the Complaint constitute conclusions of law to which no response is required; to the extent a response is deemed to be required, the allegations are denied.

66.    Defendants deny the allegations in Paragraph 66 of the Complaint as stated. Defendants admit only that Plaintiffs agreed to perform certain duties for the benefit of Defendant Zaal Ventures Corp.  Defendants US Ghost Adventures, LLC and Lance Zaal never employed Plaintiffs.

67.    Defendants deny the allegations in Paragraph 67 of the Complaint as stated.  By way of further response, Defendant Zaal Ventures Corp. had authority over Plaintiffs and could instruct them to perform certain tasks for its benefit.  Defendants US Ghost Adventures, LLC and Lance Zaal never employed Plaintiffs.

68.    Defendants deny the allegations in Paragraph 68 of the Complaint as stated.  By way of further response, Defendant Zaal Ventures Corp. exercised certain authority over Plaintiffs, subject to Plaintiffs' agreement and the exercise of their independent discretion and judgment.  Defendants US Ghost Adventures, LLC and Lance Zaal never employed Plaintiffs.

69.    Defendants deny the allegations in Paragraph 69 of the Complaint as stated.  By way of further response, Defendant Zaal Ventures Corp. controlled the terms and conditions of Plaintiffs' work, subject to Plaintiffs' agreement and the exercise of their independent discretion and judgment.   Defendants US Ghost Adventures, LLC and Lance Zaal never employed Plaintiffs.

70.    The allegations in Paragraph 70 of the Complaint constitute conclusions of law to which no response is required; to the extent a response is deemed to be required, the allegations are denied.  By way of further response, Defendant Zaal Ventures Corp. employed Plaintiffs; neither Lance Zaal nor U.S. Ghost Adventures, LLC employed Plaintiffs.

71.     The allegations in Paragraph 71 of the Complaint constitute conclusions of law to which no response is required; to the extent a response is deemed to be required, the allegations are denied.  By way of further response, Defendant Zaal employed Plaintiffs; neither Lance Zaal nor U.S. Ghost Adventures, LLC employed Plaintiffs.

72.     Defendants deny the allegations in Paragraph 72 of the Complaint as stated. Defendants admit only that certain materials, supply, and equipment were purchased for purposes of facilitating Plaintiffs' activities conducted for the benefit of Defendant Zaal Ventures Corp.

73.     Defendants deny the allegations in Paragraph 73 of the Complaint as stated. Defendants admit only that they occasionally received payments from third parties located outside of Pennsylvania in a variety of ways, including the United States Postal service as well as online and digital payment processing services.

74.     The allegations in Paragraph 74 of the Complaint constitute conclusions of law to which no response is required; to the extent a response is deemed to be required, the allegations are denied.

75.     Defendants deny the allegations in Paragraph 75 of the Complaint.

76.     The allegations in Paragraph 76 of the Complaint constitute conclusions of law to which no response is required; to the extent a response is deemed to be required, the allegations are denied.

77.     The allegations in Paragraph 77 of the Complaint constitute conclusions of law to which no response is required; to the extent a response is deemed to be required, the allegations are denied.

78.     The allegations in Paragraph 78 of the Complaint constitute conclusions of law to which no response is required; to the extent a response is deemed to be required, the allegations are denied.

79.     The allegations in Paragraph 79 of the Complaint constitute conclusions of law to which no response is required; to the extent a response is deemed to be required, the allegations are denied.

80.     Defendants deny the allegations in Paragraph 80 of the Complaint as stated. Defendants admit only that Plaintiffs performed certain tasks for the benefit of Defendant Zaal Ventures Corp. pursuant to the terms to which the parties agreed.  Plaintiffs did not perform the work fully or well.  Further, Defendants US Ghost Adventures, LLC and Lance Zaal did not employ Plaintiffs.

81.     Defendants deny the allegations in Paragraph 81 of the Complaint as stated. Defendant Zaal Ventures Corp. admits only that it paid Plaintiff for all work performed.  Further, Defendants US Ghost Adventures, LLC and Lance Zaal did not employ Plaintiffs.

82.     Defendants deny the allegations in Paragraph 82 of the Complaint.  Defendants admit only that Plaintiffs performed certain tasks for the benefit of Defendant Zaal Ventures Corp. pursuant to the terms to which the parties agreed.  Plaintiffs did not perform the work fully or well.  Further, Defendants US Ghost Adventures, LLC and Lance Zaal did not employ Plaintiffs.

83.     The allegations in Paragraph 83 of the Complaint constitute conclusions of law to which no response is required; to the extent a response is deemed to be required, the allegations are denied.

84.     Defendants deny the allegations in Paragraph 84 of the Complaint.  By way of further response, Defendant Zaal Ventures Corp. exercised control over Plaintiffs, subject to

their agreement and the exercise of their independent discretion and judgment.   Further, Defendants US Ghost Adventures, LLC and Lance Zaal did not employ Plaintiffs.

85.    Defendants deny the allegations in Paragraph 85 of the Complaint as stated. Defendants admit only that Plaintiffs performed certain tasks for the benefit of Defendant Zaal Ventures Corp. as agreed by the parties.   Plaintiffs worked remotely and were permitted to exercise discretion and judgment as to what tasks to perform, how, and when.   Further, Defendants US Ghost Adventures, LLC and Lance Zaal did not employ Plaintiffs.

86.    Defendants deny the allegations in Paragraph 86 of the Complaint as stated. Defendants admit only that Plaintiffs performed certain tasks for the benefit of Defendant Zaal Ventures Corp. in exchange for certain agreed to compensation.   Defendants lack information and knowledge to form a belief as to the allegation regarding whether Plaintiffs were dependent on the compensation received from Defendant Zaal Ventures Corp. and, for that reason, deny that allegation.   Further, Defendants US Ghost Adventures, LLC and Lance Zaal did not employ Plaintiffs, nor did they control Plaintiffs' compensation.

87.    Defendants deny the allegations in Paragraph 87 of the Complaint as stated. Defendant Zaal Ventures Corp. believed that Plaintiffs possessed certain unique talents that would aid it in its business.   Plaintiffs did not deliver on the work that they promised to perform.

88.    Defendants deny the allegations in Paragraph 88 of the Complaint.

89.    The allegations in Paragraph 89 of the Complaint constitute conclusions of law to which no response is required; to the extent a response is deemed to be required, the allegations are denied.

90.    The allegations in Paragraph 90 of the Complaint constitute conclusions of law to which no response is required; to the extent a response is deemed to be required, the allegations are denied.

91.     Defendants admit in part and deny in part the allegations in Paragraph 91 of the Complaint. Defendants admit that Ms. Leberman was paid an hourly rate for a short period of time by Defendant Zaal Ventures Corp.  Defendants deny Ms. Leberman was entitled to overtime pay.  Further, Defendants US Ghost Adventures, LLC and Lance Zaal did not employ Ms. Leberman, nor did they control her compensation.

92.     Defendants admit in part and deny in part the allegations in Paragraph 92 of the Complaint. Defendants admit that Ms. Lyons was paid an hourly rate of $20.19 for a short period of time by Defendant Zaal Ventures Corp. Defendants deny Ms. Lyons was entitled to overtime pay.  Further, Defendants US Ghost Adventures, LLC and Lance Zaal did not employ Ms. Lyons, nor did they control her compensation.

93.     Defendants deny the allegations in Paragraph 93 of the Complaint.

94.     Defendants deny the allegations in Paragraph 94 of the Complaint.

95.     The allegations in Paragraph 95 of the Complaint constitute conclusions of law to which no response is required; to the extent a response is deemed to be required, the allegations are denied.

96.     The allegations in Paragraph 96 of the Complaint constitute conclusions of law to which no response is required; to the extent a response is deemed to be required, the allegations are denied.

97.     The allegations in Paragraph 97 of the Complaint constitute conclusions of law to which no response is required; to the extent a response is deemed to be required, the allegations are denied.

98.     The allegations in Paragraph 98 of the Complaint constitute conclusions of law to which no response is required; to the extent a response is deemed to be required, the allegations are denied.

99.     The allegations in Paragraph 99 of the Complaint constitute conclusions of law to which no response is required; to the extent a response is deemed to be required, the allegations are denied.

100.    The allegations in Paragraph 100 of the Complaint constitute conclusions of law to which no response is required; to the extent a response is deemed to be required, the allegations are denied.

101.    Defendants deny the allegations in Paragraph 101 of the Complaint.

102.    Defendants deny the allegations in Paragraph 102 of the Complaint.

103.    Defendants deny the allegations in Paragraph 103 of the Complaint.

104.    Defendants deny the allegations in Paragraph 104 of the Complaint.

## **COUNT II**

105.    Defendants restate and incorporate their answers to Paragraphs 1 through 104 of the Complaint as though set forth at length herein.

106.    The allegations in Paragraph 106 of the Complaint constitute conclusions of law to which no response is required; to the extent a response is deemed to be required, the allegations are denied.

107.    The allegations in Paragraph 107 of the Complaint constitute conclusions of law to which no response is required; to the extent a response is deemed to be required, the allegations are denied.

108.    The allegations in Paragraph 108 of the Complaint constitute conclusions of law to which no response is required; to the extent a response is deemed to be required, the allegations are denied.

109.    The allegations in Paragraph 109 of the Complaint constitute conclusions of law to which no response is required; to the extent a response is deemed to be required, the allegations are denied.

110.    Defendants deny the allegations in Paragraph 110 of the Complaint as stated.  By way of further response, certain of the terms and conditions of Plaintiffs' work for the benefit of Defendant Zaal Ventures Corp. is set forth in the various agreements that they signed, among other places.  Plaintiffs ultimately were responsible to Defendant Zaal Ventures Corp. for ensuring that the work performed was done correctly and well (and they did neither).  Further, Defendants US Ghost Adventures, LLC and Lance Zaal did not employ Plaintiffs.

111.    Defendants deny the allegations in Paragraph 111 of the Complaint.  By way of further response, certain of the terms and conditions of Plaintiffs' work for the benefit of Defendant Zaal Ventures Corp. is set forth in the various agreements that they signed, among other places.  Defendant Zaal Ventures Corp. was responsible for paying Plaintiffs for the work performed.  It did so pursuant to the terms to which the parties' agreed.  Further, Defendants US Ghost Adventures, LLC and Lance Zaal did not employ Plaintiffs.

112.    The allegations in Paragraph 112 of the Complaint constitute conclusions of law to which no response is required; to the extent a response is deemed to be required, the allegations are denied.

113.    The allegations in Paragraph 113 of the Complaint constitute conclusions of law to which no response is required; to the extent a response is deemed to be required, the allegations are denied.

114.    The allegations in Paragraph 114 of the Complaint constitute conclusions of law to which no response is required; to the extent a response is deemed to be required, the allegations are denied.

115.    The allegations in Paragraph 115 of the Complaint constitute conclusions of law to which no response is required; to the extent a response is deemed to be required, the allegations are denied.

116.    Defendants deny the allegations in Paragraph 116 of the Complaint as stated.  By way of further response, the job duties that Plaintiffs would perform and the location of such work was agreed to in advance by the Plaintiffs and by Defendant Zaal Ventures Corp. Defendant Zaal Ventures Corp. exercised minimal oversight and discretion into the work that Plaintiffs performed.  Plaintiffs performed their work poorly.  Further, Defendants US Ghost Adventures, LLC and Lance Zaal did not employ Plaintiffs.

117.    Defendants deny the allegations in Paragraph 117 of the Complaint.  By way of further response, Defendant Zaal Ventures Corp. denies that Plaintiffs were productive or completed their tasks timely.  Further, Defendants US Ghost Adventures, LLC and Lance Zaal did not employ Plaintiffs.

118.    Defendants deny the allegations in Paragraph 118 as stated.  Plaintiffs had a certain investment in the success of Defendant Zaal Ventures Corp. insofar as the successful performance of their duties would make it more profitable.  Plaintiffs exercised certain managerial and supervisory responsibilities for the benefit of Defendant Zaal Ventures Corp. to the extent that they were responsible for producing creative content.

119.    Defendants deny the allegations in Paragraph 119 of the Complaint as stated. Plaintiffs were only compensated at a determined hourly rate for a brief interim period by Defendant Zaal Ventures Corp.  Thereafter, they were compensated on a salary basis by Defendant Zaal Ventures Corp.  Plaintiffs were responsible for recording hours worked.  Further, Defendants US Ghost Adventures, LLC and Lance Zaal did not employ Plaintiffs.

120.    Defendants deny the allegations in Paragraph 120 of the Complaint as stated. Defendant Zaal Ventures Corp. admits only that it provided Plaintiffs with certain equipment necessary to perform their duties.

121.    Defendants deny the allegations in Paragraph 121 of the Complaint.

122.    Defendants deny the allegations in Paragraph 122 of the Complaint.

123.    The allegations in Paragraph 123 of the Complaint constitute conclusions of law to which no response is required; to the extent a response is deemed to be required, the allegations are denied.

124.    The allegations in Paragraph 124 of the Complaint constitute conclusions of law to which no response is required; to the extent a response is deemed to be required, the allegations are denied.

125.    The allegations in Paragraph 125 of the Complaint constitute conclusions of law to which no response is required; to the extent a response is deemed to be required, the allegations are denied.

126.    Defendants deny the allegations in Paragraph 126 of the Complaint.

127.    Defendants deny the allegations in Paragraph 127 of the Complaint.

128.    Defendants deny the allegations in Paragraph 128 of the Complaint.

129.    Defendants deny the allegations in Paragraph 129 of the Complaint.

130.    The allegations in Paragraph 130 of the Complaint constitute conclusions of law to which no response is required; to the extent a response is deemed to be required, the allegations are denied.

131.    Defendants deny the allegations in Paragraph 131 of the Complaint.

132.    Defendants deny the allegations in Paragraph 132 of the Complaint.

133.    The allegations in Paragraph 133 of the Complaint constitute conclusions of law to which no response is required; to the extent a response is deemed to be required, the allegations are denied.

134.    The allegations in Paragraph 134 of the Complaint constitute conclusions of law to which no response is required; to the extent a response is deemed to be required, the allegations are denied.

135.    The allegations in Paragraph 135 of the Complaint constitute conclusions of law to which no response is required; to the extent a response is deemed to be required, the allegations are denied.

136.    Defendants deny the allegations in Paragraph 136 of the Complaint.

## COUNT III

137.    Defendants restate and incorporate their answer to Paragraphs 1 through 136 of the Complaint as though set forth at length herein.

138.    The allegations in Paragraph 138 of the Complaint constitute conclusions of law to which no response is required; to the extent a response is deemed to be required, the allegations are denied.

139.    The allegations in Paragraph 139 of the Complaint constitute conclusions of law to which no response is required; to the extent a response is deemed to be required, the allegations are denied.

140.    The allegations in Paragraph 140 of the Complaint constitute conclusions of law to which no response is required; to the extent a response is deemed to be required, the allegations are denied.

141.    The allegations in Paragraph 141 of the Complaint constitute conclusions of law to which no response is required; to the extent a response is deemed to be required, the allegations are denied.

142.    The allegations in Paragraph 142 of the Complaint constitute conclusions of law to which no response is required; to the extent a response is deemed to be required, the allegations are denied.

143.    The allegations in Paragraph 143 of the Complaint constitute conclusions of law to which no response is required; to the extent a response is deemed to be required, the allegations are denied.

144.    The allegations in Paragraph 144 of the Complaint are denied as stated. Defendant Zaal Ventures Corp. employed Plaintiffs; neither Defendant US Ghost Adventures, LLC nor Lance Zaal employed Plaintiffs.  The remaining allegations in Paragraph 144 of the Complaint constitute conclusions of law to which no response is required; to the extent a response is deemed to be required, the allegations are denied.

145.    Defendants deny the allegations in Paragraph 145 of the Complaint as stated. Defendant Zaal Ventures Corp. employed Plaintiffs.  Neither Defendant US Ghost Adventures, LLC nor Lance Zaal employed Plaintiffs.  The remaining allegations in Paragraph 145 of the Complaint constitute conclusions of law to which no response is required; to the extent a response is deemed to be required, the allegations are denied.

146.    The allegations in Paragraph 146 of the Complaint constitute conclusions of law to which no response is required; to the extent a response is deemed to be required, the allegations are denied.

147.    Defendants deny the allegations in Paragraph 147 of the Complaint as stated. Defendant Zaal Ventures Corp. admits only that it hired Plaintiff Leberman in October 2022 and

Plaintiff Lyons in January 2023 to perform work for its benefit. Defendant Zaal Ventures Corp. denies that it agreed to pay Plaintiffs on an hourly basis for the entirety of their employment. Plaintiffs were only compensated at a determined hourly rate for a brief interim period. Thereafter, they were compensated on a salary basis. Further, Defendants US Ghost Adventures and Lance Zaal did not employ or compensate Plaintiffs.

148.    Defendants deny the allegations in Paragraph 148 of the Complaint as stated. Defendants admit only that Plaintiffs signed applicable employment contracts.

149.    Defendants deny the allegations in Paragraph 149 of the Complaint as stated. Defendant Zaal Ventures Corp. admits that Plaintiffs performed various tasks and that it compensated Plaintiffs as agreed.

150.    The allegations in Paragraph 150 of the Complaint constitute conclusions of law to which no response is required; to the extent a response is deemed to be required, the allegations are denied.

151.    Plaintiffs appear to be attempting to paraphrase or characterize the terms of written documents, which documents speak for themselves. Defendants deny Plaintiffs' inaccurate and incomplete description of the written documents referred to herein.

152.    Defendants deny the allegations in Paragraph 152 of the Complaint as stated. Defendant Zaal Ventures Corp. admits that it made deductions from Plaintiffs' paychecks as agreed to and authorized by Plaintiffs. Further, Defendants US Ghost Adventures, LLC and Lance Zaal did not employ Plaintiffs or control their paychecks.

153.    Defendants deny the allegations in Paragraph 153 of the Complaint.

154.    Defendants deny the allegations in Paragraph 154 of the Complaint.

155.    The allegations in Paragraph 155 of the Complaint constitute conclusions of law to which no response is required; to the extent a response is deemed to be required, the allegations are denied.

156.    Defendants deny the allegations in Paragraph 156 of the Complaint.

157.    Defendants deny the allegations in Paragraph 157 of the Complaint.

158.    Defendants deny the allegations in Paragraph 158 of the Complaint.

159.    Defendants deny the allegations in Paragraph 159 of the Complaint.

160.    The allegations in Paragraph 160 of the Complaint constitute conclusions of law to which no response is required; to the extent a response is deemed to be required, the allegations are denied.

161.    Defendants deny the allegations in Paragraph 161 of the Complaint.

162.    Defendants deny the allegations in Paragraph 162 of the Complaint.

163.    Defendants deny the allegations in Paragraph 163 of the Complaint.

## **COUNT IV**

164.    Defendants restate and incorporate their answers to Paragraphs 1 through 163 of the Complaint as though set forth at length herein.

165.    The allegations in Paragraph 165 of the Complaint constitute conclusions of law to which no response is required; to the extent a response is deemed to be required, the allegations are denied.

166.    The allegations in Paragraph 166 of the Complaint constitute conclusions of law to which no response is required; to the extent a response is deemed to be required, the allegations are denied.

167.    Defendants deny the allegations in Paragraph 167 of the Complaint as stated. Defendants admit only that Plaintiffs performed certain duties that were intended to benefit

Defendant Zaal Ventures Corp., and in exchange for the performance of those duties, Defendant Zaal Ventures Corp. paid Plaintiffs all wages owed. Defendant Zaal Ventures Corp. denies that those duties were performed completely or well. Further, Defendants US Ghost Adventures, LLC and Lance Zaal did not employ Plaintiffs.

168. Defendants deny the allegations in Paragraph 168 of the Complaint.

169. Defendants deny the allegations in Paragraph 169 of the Complaint.

170. Defendants deny the allegations in Paragraph 170 of the Complaint.

171. Defendants deny the allegations in Paragraph 171 of the Complaint.

172. Defendants deny the allegations in Paragraph 172 of the Complaint.

173. Defendants deny the allegations in Paragraph 173 of the Complaint.

174. Defendants deny the allegations in Paragraph 174 of the Complaint.

175. Defendants deny that Plaintiffs are entitled to a jury trial pursuant to the waiver of same that they executed prior to commencing their relationship with Defendant Zaal Ventures Corp.

176. Defendants deny the allegations in Paragraph 176 of the Complaint including all of its subparts (a) through (g).

Defendants specifically deny that Plaintiffs are entitled to any of the relief sought.

*** 

To the extent that any of Plaintiffs' averments in the Complaint have not been admitted or denied by Defendants, they are hereby denied.

## AFFIRMATIVE AND OTHER DEFENSES

Defendant hereby asserts the following defenses, without prejudice to its right to argue that Plaintiff bears the burden of proof as to any or all of these defenses.

## FIRST DEFENSE

Plaintiffs' claims are barred to the extent that the Complaint fails to state a claim for which relief may be granted.

## SECOND DEFENSE

Plaintiffs' claims are barred to the extent that such claims are brought outside the applicable statute of limitations period or that they seek damages beyond the applicable limitations period.

## THIRD DEFENSE

Plaintiffs' claims are barred, in whole or in part, because they cannot establish that any acts or omissions of Defendants were willful.

## FOURTH DEFENSE

Plaintiffs' claims are barred because they were paid all wages due under the FLSA and/or applicable state wage and hour laws.

## FIFTH DEFENSE

Plaintiffs' claims are preempted by the FLSA including, but not limited to, being preempted under the doctrine of conflict or obstacle preemption.

## SIXTH DEFENSE

Plaintiffs' claims are barred to the extent that Defendants' actions have been taken in good faith, in conformity with, and in reliance upon, rulings, administrative regulations, interpretations, orders, opinions, practices, or enforcement policies of the Department of Labor, including but not limited to within the meaning of 29 U.S.C. § 259 and applicable state law.

**SEVENTH DEFENSE**

Plaintiffs' claims, including claims for liquidated damages under the FLSA and/or state law, are barred because Defendants acted reasonably and in good faith at all times.

**EIGHTH DEFENSE**

Plaintiffs' claims are barred in whole or in part to the extent that the work they performed falls within exemptions, exclusions, exceptions, or credits provided for in Section 7 of the FLSA, 29 U.S.C. §207.

**NINTH DEFENSE**

Defendants acted in a reasonable manner and in good faith and without motive, malice, means, or reckless indifference toward Plaintiffs' rights or otherwise in willful violation of the law.

**TENTH DEFENSE**

To the extent that Plaintiffs received payments over and above what is required by law during their employment with Defendant Zaal Ventures Corp., any recovery in this matter is subject to a set-off based on such compensation.

**ELEVENTH DEFENSE**

Any award of damages should be barred or limited to the extent that the relief demanded by Plaintiffs is improper, inappropriate, exceed the scope of permissible damages and remedies, and/or otherwise is not available under the laws upon which their claims rest. Alternatively, in the event that Plaintiffs are granted relief, such relief should be limited by the applicable provisions of any state or federal law upon which Plaintiffs' claims rest.

**TWELTH DEFENSE**

Any award of damages to Plaintiffs should be limited or precluded pursuant to the after-acquired evidence doctrine as may be applicable.

**THIRTEENTH DEFENSE**

Plaintiffs are not a statutory employee as defined by the FLSA and/or applicable state wage and hour laws.

**FOURTEENTH DEFENDSE**

Plaintiffs' claims are barred in whole or in part to the extent such claims have previously been released.

**FIFTEENTH DEFENSE**

Plaintiffs' claims are barred, in whole or in part, because, at all times material to the Complaint, Defendant properly classified Plaintiffs as exempt from provisions of the FLSA and/or applicable state wage and hour laws.

**SIXTEENTH DEFENSE**

Plaintiffs' claims are barred, in whole or in part, because any overtime payments owed cannot be calculated at more than one-half of Plaintiffs' regular rate of pay for the workweek in which Plaintiff worked.

**SEVENTEENTH DEFENSE**

Plaintiffs' claims seek damages against Defendants that are speculative and, therefore, may not be recovered.

**EIGHTEENTH DEFENSE**

Plaintiffs are not entitled to prejudgment interest.

**NINETEENTH DEFENSE**

Plaintiffs' claims are barred, in whole or in part, because the hours alleged to have been worked are not compensable "hours worked" within the meaning of the FLSA and/or applicable state wage and hour laws.

**TWENTIETH DEFENSE**

Without admitting that any violations of the FLSA have occurred, any uncompensated work time was *de minimis* and/or such claims are barred by the de minimis rule.

**TWENTY-FIRST DEFENSE**

Plaintiffs' claims are barred by the equitable doctrines of estoppel, unclean hands, or laches.

**TWENTY-SECOND DEFENSE**

If Plaintiffs are entitled to an award of damages against Defendants for unpaid overtime, certain aspects of their compensation must be excluded from the regular rate of pay calculation under 29 U.S.C. § 207(e).

**TWENTY-THIRD DEFENSE**

Plaintiffs failed to mitigate their damages.

**TWENTY-FOURTH DEFENSE**

Plaintiffs cannot pursue a WPCL claim because there is no contractual or other implied obligation upon which their claims are premised.

**TWENTY-FIFTH DEFENSE**

Defendants are not Plaintiffs' "employer" as defined by the FLSA and/or applicable state wage and hour laws.

### TWENTY-SIXTH DEFENSE

Defendants have the right to offset any wage obligations by the cost of any facilities provided pursuant to 29 U.S.C. § 203(m).

### TWENTY-SEVENTH DEFENSE

Defendants did not receive any benefit from any of the claimed overtime hours allegedly performed by Plaintiffs.

### TWENTY-EIGHTH DEFENSE

Plaintiffs are not entitled to overtime wages for work time that was used for personal reasons that have no connection with Defendant Zaal Venture Corp.'s business.

\*      \*      \*

Defendants reserve the right to amend its Answer or add further defenses that may become known after filing of the pleading.

Because the Complaint is phrased in conclusory terms, Defendants cannot fully anticipate all defenses which may be applicable to this action. Accordingly, Defendants reserves the right to assert additional defenses or counterclaims in this action.

WHEREFORE, Defendants pray for judgment as follows:

1.      That Plaintiffs take nothing by virtue of this action;

2.      That judgment be entered in favor of Defendants and against Plaintiffs;

3.      That the Complaint be dismissed with prejudice in its entirety;

4.      That Defendant be awarded the costs of suit herein; and

5.     That Defendants be granted such other and further relief as the Court may deem just and proper.

Defendants deny each and every allegation contained in the Complaint unless specifically admitted herein, including any factual allegations contained in the headings of the Complaint.


Dated May 28, 2025                              Respectfully submitted,

                                                JACKSON LEWIS P.C.

                                                */s/ Katelyn M. O'Connor*
                                                Katelyn M. O'Connor, Esq.
                                                PA ID No. 308922
                                                Katie.O'Connor@jacksonlewis.com
                                                Maddison M. Sullivan
                                                PA ID No. 332091
                                                Maddison.Sullivan@jacksonlewis.com
                                                1001 Liberty Avenue, Suite 1000
                                                Pittsburgh, PA 15222
                                                Telephone: (412) 338-5152
                                                Fax: (412) 232-3441

                                                *Counsel for Defendants*